# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ELIZABETH RING**                                                              **PLAINTIFF**

**v.**                                      **CASE NO. 3:17-CV-116-BD**

**SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

Elizabeth Ring applied for social security disability benefits alleging an onset date of March 25, 2014. (R. at 66). An administrative law judge (ALJ) held a hearing, after which he denied the application. (R. at 23). The Appeals Council denied review. (R. at 1). Ms. Ring has requested judicial review, and the parties have consented to the jurisdiction of the magistrate judge.

## I.    The Commissioner's Decision

The ALJ found that Ms. Ring had the following severe impairments: dual chamber pacemaker for heart disease, syncope, and degeneration of the cervical and lumbar spine status post neck surgery. (R. at 12). The ALJ held that Ms. Ring had the residual functional capacity (RFC) to perform the full range of sedentary work. (R. at 15). A vocational expert (VE) testified that Ms. Ring's RFC would allow her to perform her past relevant work as a customer service clerk and data entry clerk. (R. at 21). Therefore, the ALJ held that Ms. Ring was not disabled. (R. at 22–23).

## II. Discussion

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

Ms. Ring argues that the ALJ failed to sufficiently account for her neurocardiogenic syncope; that he improperly weighed her treating physician's opinion; and that he relied on incorrect VE testimony.

### A. Neurocardiogenic Syncope

Ms. Ring first argues that the RFC assigned by the ALJ did not adequately account for her limitations due to neurocardiogenic syncope. The record shows that Ms. Ring suffered from fainting spells that led her to quit working. (R. at 38). During a tilt table test in March 2014, Ms. Ring fainted, a result that was "markedly positive" for neurocardiogenic syncope. (R. at 290). She was scheduled for a pacemaker implantation that same day. (R. at 265). Since the pacemaker was implanted, Ms. Ring has denied episodes of syncope. (R. at 42, 358, 447).

While Ms. Ring states that the ALJ did not take into account a follow-up surgery she had three months after the pacemaker was implanted, this assertion is incorrect. The ALJ specifically discussed the lead revision that Ms. Ring underwent in June 2014. (R. at 17). Ms. Ring also maintains that she has continued to suffer episodes of passing out even after the pacemaker was implanted. However, this argument is at odds with her own

testimony. (R. at 42). It is true that she testified to dizzy spells and lightheadedness, but she explicitly stated that she had not fainted. There is no medical documentation of additional episodes of syncope to support her contention. Therefore, the Court must conclude that the ALJ's findings concerning Ms. Ring's neurocardiogenic syncope are supported by substantial evidence on the record as a whole.

B.   Treating Physician's Opinion

Ms. Ring next argues that the ALJ improperly discounted the opinion of her treating physician, Justin Dawson, M.D. A treating physician's opinion is ordinarily entitled to controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and if the opinion is not inconsistent with other evidence in the record. *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). Whatever weight the ALJ gives the opinion, he or she must give good reason for giving that weight. *Id.* Further, a treating physician's opinion will not be granted controlling weight where it is simply a conclusory statement. *Id.*

Dr. Dawson opined that Ms. Ring could never lift more than ten pounds; could stand or walk for only two hours in an eight-hour workday; could sit for six hours in an eight-hour workday; would have to change positions frequently, have frequent rest periods, take longer than normal breaks, and be able to shift at will from sitting to standing; could not reach; could only occasionally finger and handle; would have to avoid all exposure to extreme cold, extreme heat, high humidity, fumes, odors, dust, gas, perfumes, soldering fluxes, solvents/cleaners, chemicals, and sunlight; and would miss more than three days of work per month due to her medical conditions. (R. at 484). He

also stated an opinion that "she is fully disabled from her cardiogenic syncope." (R. at 523).

The ALJ fully considered Dr. Dawson's opinion. (R. at 19–20). As noted, Ms. Ring denied episodes of syncope after her pacemaker implantation. This calls into question Dr. Dawson's assessment. Furthermore, as the ALJ noted, Dr. Dawson's reasoning for these limitations is absent from his statement. Instead he merely referred to Ms. Ring's neurocardiogenic syncope and mentioned degenerative changes in her lumbar and cervical spine. (R. at 20, 484). Dr. Dawson's second opinion is a mere conclusion that is entitled to no weight. Because his opinions conflict with the record evidence and is not well supported by the record, the Court cannot conclude that the ALJ erred in giving Dr. Dawson's opinion little weight.

### C. Vocational Expert Testimony

Finally, Ms. Ring maintains that the ALJ erred by relying on the VE's answer to an incorrectly posed hypothetical question. The ALJ posed three hypothetical questions to the VE and relied on the answer to the first hypothetical. (R. at 21–22, 56–59). While the VE responded that a person with an RFC described in the ALJ's third hypothetical could not perform Ms. Ring's past relevant work, that is not the appropriate inquiry. The question here is whether there was evidence, considering the entire record, to support the ALJ's finding that Ms. Ring had the RFC to perform the jobs listed by the VE in response to the ALJ's first hypothetical. (R. at 59). Substantial evidence supports the ALJ's determinations. Therefore, the ALJ did not err in relying on the VE's answer to the first hypothetical.

## III. Conclusion

Substantial evidence supports the ALJ's decision in this case, and there is no legal error in his findings. The decision of the ALJ is hereby affirmed.

It is so ordered, this 29th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE